UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' PENSION FUND, TRUSTEES OF; MICHIGAN LABORERS' HEALTH CARE FUND, TRUSTEES OF; MICHIGAN LABORERS' VACATION FUND, TRUSTEES OF; MICHIGAN LABORERS' TRAINING FUND, TRUSTEES OF; MICHIGAN LABORERS'-EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND, TRUSTEES OF; and MICHIGAN LABORERS' ANNUITY FUND, TRUSTEES OF,

      Plaintiffs,

v.

IMPROVEMENT TECHNOLOGIES COMPANY, a dissolved Michigan corporation; and RYAN SAWALL, an Individual, jointly and severally,

      Defendants.

_____/

Case No. 09-cv-11839

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING PLAINTIFFS'**
**<u>MOTION FOR DEFAULT JUDGMENT</u>** (document no. 8)

This action is currently before the Court on Plaintiffs' motion for default judgment. Docket no. 8. For the reasons stated below, the Court will grant the motion and enter a default judgment in favor of Plaintiffs.

Plaintiffs are jointly administered, multi-employer benefit funds that receive fringe benefit contributions from employers pursuant to collective bargaining agreements ("CBAs") binding employers. Defendant Improvement Technologies Company ("ITC") is a dissolved Michigan corporation that operated as an employer within the meaning of 29 U.S.C. § 185(a) (LMRA) and 29 U.S.C. § 1002(5) (ERISA). Defendant Ryan Sawall was the resident agent and President, and a Director and Shareholder of ITC. Plaintiffs seek to hold Sawall

personally liable for the obligations of ITC under a theory of piercing the corporate veil. On this theory, the complaint alleges that Sawall has, among other things:

> (a) failed to follow business formalities; (b) failed to adequately capitalize the business which has resulted in a failure to properly remit contributions to the Funds; (c) commingled personal and business assets; and (d) committed fraud by taking monies from the business while failing to make contributions to the Funds. An injustice will be imposed on Plaintiffs and the Funds in the absence of individual liability because, inter alia, Defendant ITC has dissolved and its ability to pay delinquencies owed by it is in serious doubt.

Compl. ¶ 6.

The complaint further alleges that ITC was at all relevant times bound by the CBA it entered into with the Laborer's Union. Among the provisions contained in the CBA is a requirement that ITC make contributions to the Funds on behalf of employees in the appropriate bargaining unit. Under the CBA and related trust agreements, reports of contributions and the contributions themselves must be received by the plaintiff funds each month following the month in which hours were worked by employees covered by the CBA.

From September 2004 through June 2005, ITC failed to submit contributions and reports of owed to Plaintiffs as required by the CBAs. As a result, ITC became indebted to Plaintiffs for the payment of contributions and assessments pursuant to the terms of the CBA. Plaintiffs conducted an audit of ITC's business records for the period of September 2004 through June 2005. The audit indicates that ITC owes Plaintiffs delinquent contributions and assessments totaling $15,905.59[1] for the audited period.

Defendants were served on June 1, 2009. Defendants having not responded to the complaint or otherwise defended the action, the clerk entered a default with respect to both

---

[1] This amount includes $13,722.35 in benefit contributions and $2,183.24 in assessments. Pursuant to the trustee policies in effect when the audit was performed, incorporated by reference into the CBA, audit assessments were charged on unpaid contributions at the rate of 12% per year.

2

Defendants on July 9, 2009.  Plaintiffs filed their motion for default judgment on July 10, 2009.

Federal Rule of Civil Procedure 55(b)(2) provides that a party must apply to the Court for a default judgment when its claim is not for a sum certain.  The Court need not conduct a hearing on a motion for default judgment unless it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2).  Notice to the defaulting party is not required when the defaulting party has not appeared personally or by a representative.  *Id.*

Plaintiffs sue under 29 U.S.C. § 1132, which provides specific remedies for recovery of delinquent contributions to an ERISA plan, and 29 U.S.C. § 185, which authorizes suits for the enforcement of CBAs.  Trustees of fringe benefits funds, such as Plaintiffs, may sue delinquent employers to enforce the terms of the CBA as third-party beneficiaries to the CBA. 29 U.S.C. § 1132(a); *Trustees of Painters Union Deposit Fund v. Ybarra Const. Co.*, 113 Fed. Appx. 664, 667 (6th Cir. 2004) (unpublished).

From the Court's review of the allegations in the complaint, which the Court must accept as true, the audit, and the affidavits provided by Plaintiffs, ITC is in default with respect to audit assessments and past-due contributions owed the Plaintiffs pursuant to the CBA and 29 U.S.C. § 1145. Accordingly, the Court will enter judgment for Plaintiffs and award damages in the amount of the unpaid benefit contributions ($13,722.35) and audit assessments ($2,183.24).

Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D).  The affidavit of Plaintiffs' counsel, Michael J. Bommarito, states that Bommarito spent 5 hours on the case at a rate of $190 per hour, for a total of $950 in attorneys' fees.  The Court finds that an award of $950 in attorneys'

fees in this case is reasonable as determined under the lodestar approach, since the hourly rate and the number of hours expended are both reasonable.[2]  *See Building Servs. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (in ERISA cases, "the award of attorneys' fees must be reasonable as determined under the lodestar approach.").  Costs incurred in the case consist of the $350 filing fee. Plaintiffs are entitled to recover $1,300 for attorneys' fees and costs.

The Court also finds that Sawall is personally liable for the judgment amount in this case under a theory of piercing the corporate veil.  An individual owner or officer of a company may be held personally liable under 29 U.S.C. § 1145 for unpaid fringe benefit contributions of the employer company if the plaintiff is successful in piercing the corporate veil.  *Cf. Scarbrough v. Perez*, 870 F.2d 1079, 1083 (6th Cir. 1989) ("[W]here a court is without justification for piercing the veil separating a corporate employer from its owner-chief executive, the owner-executive may not be held personally answerable for the corporation's delinquent contributions.").

The Sixth Circuit has held under federal common law that "most cases" involving piercing the corporate veil may be decided by addressing three factors: (1) the amount of respect given to the separate identity of the corporation by its owners; (2) the degree of injustice visited upon the litigants by recognition of the corporate entity; and (3) the fraudulent intent of the incorporators.  No one factor is controlling.  *Pipefitters Local 636 Defined Pension Benefit Fund v. L & R Servs., Inc.*, No. 06-12019, 2007 WL 1814680, *9

---

[2] The lodestar approach is the proper method for determining the amount of reasonable attorneys' fees.  *Building Servs.*, 46 F.3d at 1401. In applying the approach, the starting point for reasonable fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Id.*  There is a strong presumption that this lodestar figure represents a reasonable fee.  *Id.*  Other considerations may lead the court to adjust the fee upward or downward.  *Id.*  Here, however, there has been no argument that the fee should deviate from the lodestar figure.

(E.D. Mich. June 20, 2007) (citing *NLRB v. Fullerton Transfer & Storage, Ltd.*, 910 F.2d 331, 340-42 (6th Cir. 1990)).

Applying these standards, the allegations in the complaint at ¶ 6 regarding Sawall's conduct and the relationship between Sawall and ITC are sufficient to impose personal liability on Sawall for ITC's failure to remit delinquent contributions. All three factors of the above test for piercing the corporate veil are present in this case. Sawall's failure to respect the corporate form and failure to keep his personal and business assets separated demonstrate he did not respect the separate identity of the corporation. Furthermore, there would be a high level of injustice to Plaintiffs in the absence of piercing the veil because it is not likely that ITC, a dissolved corporation, will be able to pay the judgment itself. Finally, Sawall committed fraud by siphoning funds from the business while failing to make contributions to the funds. Accordingly, Sawall will be held personally liable for the failure of ITC to remit unpaid contributions to Plaintiffs. ITC and Sawall will be jointly and severally liable for the amount of the judgment.

**WHEREFORE,** it is hereby **ORDERED** that Plaintiffs' motion for default judgment (docket no. 8) is **GRANTED** and judgment will be entered against Defendants ITC and Ryan Sawall, jointly and severally.

**SO ORDERED.**

                              s/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge

Dated: December 18, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2009, by electronic and/or ordinary mail.

                              Alissa Greer
                              Case Manager